**In re AAPEX SYSTEMS, INC., Debtors.**

**Lucien A. Morin, II, Trustee of AAPEX Systems, Inc., Plaintiffs,**

v.

**CERES Corporation, Defendants.**

**Bankruptcy No. 98–20728.
Adversary No. 99–2135.**

United States Bankruptcy Court, W.D. New York.

Jan. 31, 2002.

Jeffrey A. Dove, Menter, Rudin, Trivelpiece, Syracuse, NY, for Plaintiff.

James W. Gormley, Damon & Morey LLC, Buffalo, NY, for Defendant.

## DECISION & ORDER

JOHN C. NINFO, II, Chief Judge.

### *BACKGROUND*

On February 27, 1998, an involuntary Chapter 7 petition was filed against AAPEX Systems, Inc. ("AAPEX"). An Order for Relief was entered on March 23, 1998, after AAPEX consented to the relief requested in the involuntary petition, and on April 1, 1998, Lucien A. Morin, II, Esq. was appointed as the Chapter 7 case trustee (the "Trustee").

AAPEX had been in the business of providing payroll and related services to clients.

After the Order for Relief was entered, former clients of AAPEX filed proofs of claim which asserted that they were owed in excess of one million dollars from AAPEX because they remained liable for payroll taxes that AAPEX had failed to pay on their behalf pursuant to a Payroll Service Agreement, even though they had paid AAPEX the amount of money necessary to pay their tax liabilities. Some of the proofs of claim also asserted that AAPEX was liable for the penalties and interest that the taxing authorities had assessed against the claimants because AAPEX had failed to pay their payroll taxes when they were due.

Between February 4, 1999 and March 29, 1999, the Trustee commenced fifty-eight separate adversary proceedings against former clients of AAPEX. The Trustee alleged that various transfers made by AAPEX: (1) to the Internal Revenue Service (the "IRS") or state taxing authorities in order to pay past due payroll taxes or related penalties and interest for those clients; or (2) to the clients, so that they could pay their own past due payroll taxes which AAPEX had failed to pay, were avoidable preferential transfers.

On March 23, 1999, the Trustee commenced an Adversary Proceeding against CERES Corporation ("CERES") (the "CERES Adversary Proceeding"). In his Complaint against CERES, the Trustee alleged that the payments by AAPEX to the IRS on behalf of CERES by a December 26, 1997 check in the amount of $32,354.58 (the "Tax Payment") and a February 11, 1998 check in the amount of $6,204.37 (the "Penalties and Interest Payment") were avoidable preferential transfers.[1]

On December 30, 1999, the Court filed a Decision & Order (the "Section 7501 Trust Decision & Order"), a copy of which is attached █, which decided the Motions to Dismiss filed by several other client-defendants in adversary proceedings brought by the Trustee.[2]

The Court had limited its findings and holdings in the Section 7501 Trust Decision & Order, at the request of the parties, to the issue of whether the funds transferred by AAPEX were impressed with a Section 7501 Trust. The Court held that the funds, which were commingled and unidentifiable as to source when trans-

---

1. The Tax Payment was in satisfaction of the second quarter 1997 withholding tax liability of CERES and the Penalties and Interest Payment was in satisfaction of the penalties and interest due when the second quarter 1997 taxes were not timely paid.

2. The Section 7501 Trust Decision & Order is incorporated herein, and the terms used and defined in that Decision & Order shall have the same meanings when used in this Decision & Order.

ferred by AAPEX to the IRS or the claimant-defendants during the preference period, were not impressed with a Section 7501 Trust, and, therefore, the holding in *Begier v. Internal Revenue Service*, 496 U.S. 53, 110 S.Ct. 2258, 110 L.Ed.2d 46 (1990) (*"Begier"*) could not be extended.[3]

In its Section 7501 Trust Decision & Order, the Court noted that one of the steps the claimant-defendants could have taken, which may have made AAPEX jointly and severally liable for the payment of the taxes withheld from the wages of their employees, would have been to insist that the provisions of 26 C.F.R. § 31.3504–1[4] ("Section 3504") were complied with. This would have required: (1) the completion of IRS Form 2678 (Employer Employment of Agent) ("Form 2678"); and (2) the designation of AAPEX by the appropriate District Director of the IRS as the agent of a claimant-defendant tax payer. That designation would have authorized AAPEX to perform certain acts required of employers and may have made it jointly and severally liable for the payment of withholding taxes when it performed those acts but failed to pay the withholding taxes due.

On May 9, 2001, CERES made a Motion for Summary Judgment (the "CERES Motion for Summary Judgment") which alleged that: (1) at the time AAPEX made the Tax and Penalties and Interest Payments to the IRS it was acting as the agent for CERES because Form 2678 had been properly completed and AAPEX had been designated as an agent by the appropriate District Director of the IRS; (2) as a designated agent for CERES, AAPEX was jointly and severally liable for the taxes, penalties and interest it paid on behalf of itself and CERES; (3) as a desig-

3. The Section 7501 Trust Decision & Order was affirmed by the United States District Court for the Western District of New York (the "District Court") by a Decision and Order filed by the Hon. David G. Larimer, Chief Judge, dated November 21, 2000 (Case No. 00–CV–6137L) (the "District Court Decision & Order").

4. Sec. 31.3504–1 Acts to be performed by agents.

(a) In general. In the event wages as defined in chapter 21 or 24 of the Internal Revenue Code of 1954, or compensation as defined in chapter 22 of such Code, of an employee or group of employees, employed by one or more employers, is paid by a fiduciary, agent, or other person, or if such fiduciary, agent, or other person has the control, receipt, custody, or disposal of such wages, or compensation, the district director, or director of a service center, may, subject to such terms and conditions as he deems proper, authorize such fiduciary, agent, or other person to perform such acts as are required of such employer or employers under those provisions of the Internal Revenue Code of 1954 and the regulations thereunder which have application, for purposes of the taxes imposed by such chapter or chapters, in respect of such wages or compensation. If the fiduciary, agent, or other person is authorized by the district director, or director of a service center, to perform such acts, all provisions of law (including penalties) and of the regulations prescribed in pursuance of law applicable to employers in respect of such acts shall be applicable to such fiduciary, agent, or other person. However, each employer for whom such fiduciary, agent, or other person performs such acts shall remain subject to all provisions of law (including penalties) and of the regulations prescribed in pursuance of law applicable to an employer in respect of such acts. Any application for authorization to perform such acts, signed by such fiduciary, agent, or other person, shall be filed with the district director, or director of a service center, with whom the fiduciary, agent, or other person will, upon approval of such application, file returns in accordance with such authorization.

(b) Prior authorizations continued. An authorization in effect under section 1632 of the Internal Revenue Code of 1939 on December 31, 1954, continues in effect under section 3504 and is subject to the provisions of paragraph (a) of this section.
26 C.F.R. § 31–3504–1 (2001).

nated agent for CERES, AAPEX had the obligation pursuant to Section 7501 to segregate the monies paid to it by CERES for withholding taxes, so AAPEX never had a beneficial interest in the funds paid by CERES to AAPEX to pay its withholding taxes, even if they were commingled by AAPEX; and (4) in accordance with the holding in *Begier*, once AAPEX made the Tax and Penalties and Interest Payments to the IRS on behalf of itself and CERES, it identified the funds as Section 7501 Trust Funds.

In support of the CERES Motion for Summary Judgment, CERES submitted an IRS certified copy of a completed Form 2678, dated October 1, 1995 (the "CERES/AAPEX Form 2678"). However, the CERES/AAPEX Form 2678 that was submitted was not completed by the IRS designating AAPEX as agent.

In a Statement of Material Facts Not Subject to Genuine Dispute submitted in support of the CERES Motion for Summary Judgment, CERES alleged that: (1) the Debtor regularly, routinely and automatically debited a CERES bank account for the funds necessary to: (a) prepare payroll checks for the employees of CERES; and (b) pay the IRS the payroll taxes withheld from the employees of CERES; (2) AAPEX regularly and routinely prepared payroll checks for the employees of CERES; and (3) AAPEX retained in its account the funds necessary to remit the payroll taxes withheld to the IRS.

On May 15, 2001, the Trustee interposed Opposition to the CERES Motion for Summary Judgment, which was also submitted in support of his own Motion for Summary Judgment (the "Trustee Motion for Summary Judgment"), which asserted that: (1)

AAPEX did not segregate the funds it received from CERES to pay its second quarter 1997 withholding taxes, it deposited the funds into its Master Payroll Account; (2) by letter dated April 15, 1997 (the "Termination Letter"), which was more than six months before AAPEX made the Tax and Penalties and Interest Payments, CERES terminated its relationship with AAPEX effective with the payment of an anticipated May 9, 1997 payroll; (3) there were at least two times between April 15, 1997, when CERES terminated its relationship with AAPEX, and December 26, 1997, when the Tax Payment was made, when there was an overdraft in the Master Payroll Account, so there were no actual funds of CERES in the Account when AAPEX made the Tax and Penalties and Interest Payment;[5] (4) *Begier* should not be extended to the facts and circumstances presented in the CERES Adversary Proceeding, where AAPEX, as a third-party provider, paid the IRS the taxes, penalties and interest due from its client, CERES, from its commingled Master Payroll Account when the Account contained only the funds of other taxpayer clients and no funds of CERES; (5) *Begier* should not be extended to make the Penalties and Interest Payment unavoidable since it was not the payment of a trust fund liability; and (6) CERES had not demonstrated that AAPEX ever paid the wages of the employees of CERES, or otherwise had control of the CERES net payroll, since all AAPEX did was to prepare payroll checks drawn upon a payroll account maintained by CERES which CERES then distributed to its employees.

On the May 16, 2001 return date of the respective Motions for Summary Judg-

---

5. Attached as Exhibit B was a Statement for the Account for the period November 11, 1997 through December 12, 1997 which showed a negative balance on November 17, 1997 and December 4, 1997.

ment, the Court instructed CERES to obtain either: (1) a copy of the completed Form 2678 which indicated on the Form that the respective District Director of the IRS had made the designation of AAPEX as agent prior to the transfers in question; (2) an official response by the IRS confirming that the acceptance and filing of the CERES/AAPEX Form 2678 was sufficient to constitute the designation of AAPEX as an agent under Section 3504; or (3) if something additional was required to be done by the applicable District Director to constitute a designation of AAPEX, proof that such additional step or steps had been taken prior to the transfers in question.

On September 14, 2001, the Court received a letter signed by the Chief, Civil Trial Section, Northern Region of the U.S. Department of Justice Tax Division (the "IRS Response"), which included a copy of an October 21, 1996 letter (the "Designation Letter") which: (1) acknowledged the receipt of the CERES/AAPEX Form 2678; (2) granted AAPEX the authority to perform certain acts under Section 3504, with regard to backup withholding; and (3) acknowledged that this Designation Letter was sent in lieu of completing the designation section on the CERES/AAPEX Form 2678.[6]

The IRS Response also set forth the opinion (the "IRS Opinion") that: (1) as an agent for CERES, AAPEX was liable for the withheld taxes owed by CERES to the same extent as CERES, citing *Engelken v. United States*, 823 F.Supp. 845, 849 (D.Colo.1993); and (2) under the holding in *Begier*, the voluntary payment of trust fund taxes by AAPEX on behalf of itself and CERES "is alone sufficient to establish the required nexus between the 'amount' held in trust and the funds paid."[7]

On January 18, 2002, at the request of the Court, CERES filed an Affidavit (the "Funds Affidavit") prepared by one of its attorneys that set forth a description of the flow of funds between CERES and AAPEX at the time that CERES and AAPEX were acting under their Payroll Service Agreement and AAPEX was acting under the Section 3504 designation. The Funds Affidavit indicated that: (1) although AAPEX prepared paper employee payroll checks drawn on a CERES payroll account and physically delivered those checks to CERES for distribution, no funds for the payment of the net payroll for any employee of CERES ever passed through any AAPEX account, including the Master Payroll Account, or were those funds otherwise under the custody, control or disposal of AAPEX; (2) for the CERES employees who were paid by direct deposit, AAPEX did advise the Bank where CERES maintained its payroll account of the amount of funds that should be electronically transferred from the CERES payroll account to the deposit accounts of those employees; and (3) funds to pay the withholding taxes for the CERES payroll were transferred at the direction of AAPEX from the CERES payroll account to the AAPEX Master Payroll Account.

### DISCUSSION

**I. Summary Judgment**

Under Federal Rule of Civil Procedure 56(c), judgment "shall be rendered forth-

---

6. This is consistent with Revenue Procedure 70–6, as amplified and modified.

7. On September 19, 2001, the Court received a letter from the attorneys for the Trustee in connection with the IRS Response which objected to the Division's gratuitous observations as to the effect of an agency designation on the application of *Begier* to the facts of the CERES Adversary Proceeding.

with if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." The Rule is clear in "provid[ing] that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Repp v. Webber*, 132 F.3d 882 (2nd Cir.1997) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) (citations omitted)).

Further, as a general rule, all ambiguities and inferences to be drawn from the underlying facts should be resolved in favor of the party opposing the motion, and all doubts as to the existence of a genuine issue for trial should be resolved against the moving party. *See Brady v. Town of Colchester*, 863 F.2d 205, 210 (2nd Cir. 1988) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 330, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) (citations omitted)). However, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Repp*, 132 F.3d at 889 (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) (citations omitted)).[8]

The duty of a court on a motion for summary judgment is to determine whether there are any genuine issues of material fact to be resolved by trial, and not to decide factual issues. As the Second Circuit has aptly stated: "In this regard, the Court's task is issue identification, not issue resolution. In performing this task, we must assume the truth of the non-movant's evidence." *Repp*, 132 F.3d at 890. *See also Anderson*, 477 U.S. at 249, 106 S.Ct. 2505.

The moving party, however, does not bear the burden of proving that his opponent's case is "wholly frivolous." *Brady*, 863 F.2d at 210. *See also Celotex*, 477 U.S. at 323–26, 106 S.Ct. 2548. The Second Circuit in *Brady* further stated that: "In *Celotex*, the Supreme Court made it clear that in cases where the non-movant will bear the ultimate burden of proof at trial on an issue, the moving party's burden under Rule 56 will be satisfied if you can point to an absence of evidence to support an essential element of the non-moving party's claim." *Brady*, 863 F.2d at 210–11.

The parties' Motions for Summary Judgment acknowledge that there are no genuine issues as to any material fact in the CERES Adversary Proceeding.

## II. *AAPEX as an Agent*

As set forth above, Section 3504 provides a procedure for a District Director of the IRS, at the request of an employer, to designate a third-party as agent, to act on behalf of an employer in paying the employer's wages to its employees and/or performing other duties of the employer in connection with payment of wages, such as paying related withholding taxes. It appears that the third-party agent, when it actually performs any of those duties, becomes jointly and severally liable for any withholding taxes and related penalties and interest due.

The IRS Opinion provided to this Court also indicated that: (1) the applicable designation of AAPEX as agent was made by the IRS when it issued the Designation

---

8. This Court is mindful that factual materiality is governed by reference to the applicable substantive law. *Repp*, 132 F.3d at 890.

Letter; and (2) as a result, AAPEX was liable to the IRS for the second quarter 1997 withholding taxes due from CERES, along with the resulting penalties and interest, which AAPEX paid by the Tax and Penalties and Interest Payments.[9]

Since the facts and circumstances presented in the CERES Adversary Proceeding are somewhat different from those addressed in the Section 7501 Trust Decision & Order, accepting the IRS Opinion, the questions remaining for this Court to decide are whether: (1) the funds paid to AAPEX by CERES for the second quarter 1997 withholding taxes due from CERES when paid over were impressed with a Section 7501 Trust, because AAPEX had been designated as an agent pursuant to Section 3504; (2) if the funds when paid over to AAPEX by CERES were impressed with a Section 7501 Trust, the funds used to make the Tax and Penalties and Interest Payments were also impressed with a Section 7501 Trust in the absence of an extension of the holding in *Begier;* and (3) the holding in *Begier* should be extended so that the Tax and Penalties and Interest Payments should not be found to be avoidable preferential transfers.

### III. *Trust Funds—Section 7501*

#### A. The Funds Paid to AAPEX by CERES

Even though CERES had taken the steps necessary to have AAPEX designated as an agent under Section 3504:(1) AAPEX never actually acted as the agent for CERES with respect to the payment of payroll to the CERES employees, so that the services AAPEX provided to CERES, and the manner of providing those ser-

vices, were identical to those provided to Elmira, Williamsport and Canton, as discussed more fully in the Section 7501 Trust Decision & Order; and (2) even if as agent AAPEX was required under Sections 3504 and 7501 to segregate the funds it received from CERES for the payment of the second quarter 1997 withholding taxes due from CERES, it did not segregate those funds, it commingled them with the funds of its other clients in the Master Payroll Account.

Furthermore, even though AAPEX: (1) had received from CERES the funds necessary to pay the second quarter 1997 withholding taxes due; and (2) was possibly jointly and severally liable for those taxes because of its designation as agent, when CERES terminated their relationship, AAPEX still failed to immediately pay the second quarter 1997 withholding taxes at a time when some or all of the funds received from CERES may have still been on deposit in the Master Payroll Account, or could have been deemed to be on deposit because of accepted tracing rules.

■ Notwithstanding the actual treatment by AAPEX of the funds it received from CERES to pay second quarter 1997 withholding taxes due from CERES, I believe that those funds when received were impressed with a Section 7501 Trust because: (1) AAPEX had been designated by the appropriate District Director as an agent for CERES, at least with respect to the payment of withholding taxes; (2) it received from CERES, as the employer, the funds necessary to pay those withholding taxes, which, because of the agency relationship, CERES should be deemed to have identified and designated to its agent as Section 7501 Trust Funds; and (3) Sec-

---

9. The IRS Opinion asserted that AAPEX was jointly and severally liable for the CERES withholding taxes due for second quarter

1997, even though it never paid or had control of the employee wages.

tion 3504 requires the agent to comply with all provisions of law applicable to the employer principal, which, in the case of AAPEX, should be deemed to include the requirement of Section 7501 that it hold the funds it received, that were withheld from the CERES employees by the employer for the payment of withholding taxes, in a special fund in trust for the United States.

## B. The Funds Paid by AAPEX to the IRS

The facts presented indicate that when the Tax and Penalties and Interest Payments were made, the funds used by AAPEX to make the Payments were not the funds received by it from CERES for the payment of those taxes, nor by the use of any accepted tracing rules could they be determined to be the funds received from CERES, even if they were impressed with a Section 7501 Trust when they were received, because: (1) the funds paid to AAPEX from CERES had not been segregated but they had been commingled with the funds of the other clients of AAPEX in the Master Payroll Account; and (2) after CERES terminated its relationship with AAPEX and stopped paying funds to AAPEX, the Master Payroll Account was overdrawn on at least two occasions before the Tax and Penalties and Interest Payments were made.

In addition, the funds necessary to make the Penalties and Interest Payment were: (1) never received by AAPEX from CERES; (2) not withheld from the wages of any CERES employee; or (3) required to be held in trust pursuant to Section 7501 by CERES or AAPEX as agent. Therefore, those funds, when paid to the IRS, were not impressed with a Section 7501 Trust and the payment was an avoidable preferential transfer, as more fully discussed in the Section 7501 Trust Decision & Order.

## IV. *Extending the Holding in Begier*

In the Section 7501 Trust Decision & Order, in discussing *Begier* and *In re Hamilton Taft & Co.*, 53 F.3d 285 (9th Cir.) *vacated* 68 F.3d 337 (9th Cir.1995) ("*Hamilton Taft*") this Court stated that: (1) we know from the Decision of the United States Supreme Court in *Begier* that: (a) the voluntary pre-petition payment from its assets by an employer-debtor of its trust fund obligation to the IRS is alone sufficient to establish a nexus between the amount required to be held in trust pursuant to Section 7501 and the funds paid, so that any voluntary pre-petition payment of trust fund taxes by an employer-debtor with its funds, regardless of the source of funds, is not a payment of property of the debtor or property in which the debtor had an interest for purposes of Section 547(b); (b) a portion of the comments made by Representative Edwards in connection with the ultimate passage of The Bankruptcy Reform Act of 1978 were that: "the Courts should permit the use of reasonable assumptions under which the Internal Revenue Service, and other taxing authorities, can demonstrate that amounts of withheld taxes are still in the possession of the debtor at the commencement of the case," were interpreted by the Supreme Court as an expectation by Congress that the IRS would have to show some connection between a Section 7501 trust and the assets sought to be applied to a debtor's trust fund tax obligation; and (c) as stated by Justice Scalia in his concurrence, "it is clear from the statutory scheme that the taxpayer has the power to identify which portion of its assets constitutes the trust fund"; and (2) in its Decision in *Hamilton Taft* the Ninth Circuit determined that the Court should not extend the holding in *Begier* more

**44**

broadly than was necessary to accomplish its purposes when doing so necessarily would undermine the policy of equality of distribution among creditors, a fundamental policy of the Bankruptcy Code, especially when the IRS would not be affected by a failure to extend the *Begier* holding.

■ On the facts and circumstances presented in the CERES Adversary Proceeding, I find that the Tax and Penalties and Interest Payments were avoidable preferential transfers. The holding in *Begier* should not be extended to make the Payments unavoidable for the following reasons: (1) the transfers which the Trustee seeks to avoid were not payments by a debtor/employer/taxpayer of its payroll taxes to the IRS, but were payments by a third-party payroll service provider, even though that third-party payroll service provider was designated as an agent under Section 3504 for the purpose of paying withholding taxes on wages actually paid by the employer; (2) the transfer represented by the Penalties and Interest Payment was not: (a) for a withholding trust fund tax liability; (b) paid with funds received by AAPEX from the employer or withheld from the wages of any employee; or (c) otherwise impressed with a Section 7501 Trust; (3) since between the time that CERES terminated its relationship with AAPEX and the time when the Tax and Penalties and Interest Payments were made there were at least two times when the Master Payroll Account was overdrawn, the funds used to make the Tax and Penalties and Interest Payments were not the funds actually received from CERES, they were funds received from other client taxpayers of AAPEX, even though, as found in the Section 7501 Trust Decision & Order, AAPEX had a legal and beneficial interest in the funds, so that

neither CERES nor the IRS could, using any accepted tracing rules, trace the funds paid to the IRS to the funds paid over to AAPEX by CERES, even if when paid over they were required to be held in a Section 7501 Trust by AAPEX;[10] (4) a third-party service provider operating a Ponzi Scheme should not be allowed to identify or re-identify Section 7501 Trust Funds on behalf of an debtor/employer/taxpayer client when it is clear that the funds that would be so identified or re-identified are not the actual funds of that debtor/employer/taxpayer client, even though the third-party service provider may have been designated as an agent under Section 3504 and be jointly and severally liable to the IRS for the taxes, penalties and interest due; (5) the IRS would not be affected by a failure to extend *Begier* on the facts and circumstances presented, since the Trustee is not seeking a recovery from the IRS; (6) to extend the holding of *Begier* on the facts and circumstances presented would unnecessarily undermine the Bankruptcy Code's policy of equality of distribution and would substantially prejudice many of the clients of AAPEX who paid to AAPEX an amount equivalent to one hundred percent of the funds necessary to pay their payroll taxes, but had a significantly smaller percentage of their taxes paid than other clients who had payments made on their behalf during the preference period; and (7) even though it had AAPEX designated as an agent under Section 3504, CERES took many of the business risks more fully discussed in the Section 7501 Decision & Order.

### *CONCLUSION*

The Trustee Motion for Summary Judgment is granted. The CERES Motion for

10. The holding in *Begier* allows reasonable assumptions, but requires some connection between the Section 7501 Trust and the funds paid. Here there is absolutely no connection.

Summary Judgment is denied. The Tax and Penalties and Interest Payments are avoidable preferential transfers under Section 547 which can be recovered by the Trustee from CERES under Section 550.

**IT IS SO ORDERED.**